UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVE BUCHANAN (A-Number: 055-564-713),<br>Petitioner,<br>v.<br>TODD BLANCHE,<br>Respondent. | Case No. 1:26-cv-5735-TLN-JDP<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Petitioner Dave Buchanan, a noncitizen of the United States, has a final order of removal. *See* ECF No. 8. He also has a grant of humanitarian relief under the Convention Against Torture ("CAT") that prevents his removal to his country of origin. *Id.* On April 26, 2026, ICE re-detained petitioner. ECF No. 1 at 4. Respondent concedes that ICE has not removed petitioner within the 90-day statutory period provided by 8 U.S.C. § 1231(a)(2). ECF No. 8 at 1. It also concedes that ICE may only remove him to a third country, and that it does "not have any information to present to the Court at this time regarding the imminence of removal to the third country." *Id.* Respondent agrees that *Zadvydas v. Davis*, 533 U.S. 678 (2001), applies. *Id.*

Petitioner, proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241, alleging that his detention is illegal. ECF No. 1 at 6. I recommend that the petition be granted and that petitioner be immediately released.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner asserts that his detention violates due process.[1] ECF No. 1 at 6. Respondent agrees that *Zadvydas v. Davis*, 533 U.S. 678 (2001), applies. ECF No. 8 at 1. Respondent indicates that petitioner, a noncitizen of the United States, has a final order of removal. *See id.* He also has a grant of humanitarian relief under the Convention Against Torture ("CAT") that prevents his removal to his country of origin. *Id.* On April 26, 2026, he was re-detained by ICE. ECF No. 1 at 4. Respondent concedes that ICE did not remove petitioner within the 90-day statutory period following his re-detention and that it is holding petitioner under 8 U.S.C. § 1231(a)(6). ECF No. 8 at 1. Petitioner may only be removed to a third country. *Id.* "Unfortunately, Respondents do not have any information to present to the Court at this time regarding the imminence of removal to the third country." *Id.*

[1] Petitioner filed a motion for appointment of counsel. ECF No. 3. There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." *See* Rule 8(c), Fed. R. Governing § 2254 Cases. I do not find that the interests of justice require appointment of counsel at the present time. Petitioner's motion to appoint counsel is therefore denied.

Respondent does not provide any basis for petitioner's continued detention under 8 U.S.C. § 1231(a)(6). *See* ECF No. 8 at 1. Respondent does not argue that petitioner's detention is reasonable under *Zadvydas*. *Id.*

In *Zadvydas*, 533 U.S. 678, the Supreme Court considered prolonged immigration detention after a final order of removal and established a burden-shifting framework to determine whether continued immigration detention is lawful, including a presumption that immigration detention is reasonable for a period of up to six months, after the final order of removal, when the detention is related to effectuating removal. *Id.* at 701. Although respondent concedes that petitioner has been held "past the initial 90-day period of mandatory removal," respondent does not provide the court a copy of the removal order or any information from which to determine how much time petitioner has previously served in custody while ICE has tried to remove him.[2] Accordingly, I cannot tell whether petitioner is within the six-month period found "presumptively reasonable" in *Zadvydas*.

However, in *Zadvydas*, 533 U.S. at 702, the Supreme Court rejected a rigid application of this six-month period and confirmed that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699, 702. "[T]he government is not guaranteed the right to hold a noncitizen for at least six months." *Rizo v. Bondi*, No. 2:26-cv-0421-MMD-EJY, 2026 WL 1180266, at *2 (D. Nev. Apr. 30, 2026), *reconsideration denied,* 2026 WL 1197245 (D. Nev. May 1, 2026); *see also Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018) ("The six-month *Zadvydas* presumption is just that—a presumption . . . not

---

[2] Although petitioner has served over three months in custody since his re-detention on April 26, 2026, he may have served prior periods of immigration custody during which ICE attempted to remove him. If so, he may have served far more than three months pending removal under section 1231. The six-month presumptively reasonable time-period under *Zadvydas* "does not reset when the government detains [a non-citizen] under 8 U.S.C. § 1231(a), releases him from detention, and then re-detains him again." *Aaron H. v. Chestnut*, No. 1:26-cv-1232-TLN-SCR, 2026 WL 1398910, at *1 (E.D. Cal. May 19, 2026) (quoting *Sied v. Nielsen*, No. 17-cv-6785-LB, 2018 WL 1876907, at *6 (N.D. Cal. Apr. 19, 2018)); *see also Siguenza v. Moniz*, 2025 WL 2734704, at *3 (D. Mass. Sept. 25, 2025) ("Most courts to consider the issue have concluded that the *Zadvydas* period is cumulative, motivated, in part, by a concern that the federal government could otherwise detain noncitizens indefinitely by continuously releasing and re-detaining them.").

a prohibition on claims challenging detention less than six months."); *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line . . . and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits."). The six-month presumption may be rebutted where there is no significant likelihood of removal in the reasonably foreseeable future. *See Alkarori v. Nevada S. Det. Ctr.*, No. 2:25-cv-2567-MMD-MDC, 2026 WL 266756 (D. Nev. Feb. 2, 2026); *Douglas v. Baker*, No. 25-cv-2243-ABA, 2025 WL 2997585, at *2 (D. Md. Oct. 24, 2025); *Munoz-Saucedo v. Pittman,* 789 F. Supp. 3d 387, 395-97 (D.N.J. 2025).

In *Zadvydas*, the Court directed lower courts to "measure reasonableness . . . in terms of the statute's basic purpose, . . . assuring the alien's presence at the moment of removal." *Zadvydas*, 533 U.S. at 699. I find that the evidence before me shows that petitioner is not being held in custody with a significant likelihood of removal in the reasonably foreseeable future. Respondent concedes that it has no plan for removal of respondent to a third country and no information to provide the court regarding the imminence of any removal. ECF No. 8.

As there is no "significant likelihood that petitioner will be removed in the reasonably foreseeable future," his continued detention is unlawful. *See Aaron H.*, 2026 WL 139890, *2; *Hoac v. Becerra*, No. 2:25-cv-1740-DC-JDP, 2025 WL 1993771, at *4-5 (E.D. Cal. July 16, 2025); *Castillo Rivas v. Bondi*, No. 26-cv-0134-KKE, 2026 WL 295705, at *3 (W.D. Wash. Feb. 4, 2026). I recommend that petitioner be immediately released from immigration custody.

**Conclusion**

Accordingly, it is hereby ORDERED that petitioner's motion to appoint counsel, ECF No. 3, is DENIED.

Further, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Respondent be ordered to immediately release petitioner (A-Number: 055-564-713) from its custody subject to the previously-imposed conditions of release, if any.

3. Respondent be ENJOINED AND RESTRAINED from re-detaining petitioner unless it obtains a travel document for his removal, if necessary, and follows all procedures set forth in 8

C.F.R. §§ 241.4(l), 241.13(i), and any other applicable statutory and regulatory procedures.

4. The Clerk of Court be directed to serve California City Detention Facility with a copy of this order.

5. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within seven days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: August 17, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE